# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| PARKER WAICHMAN LLP,<br><br>**Plaintiff**,<br><br>v.<br><br>SALAS LC, *et al.*,<br><br>**Defendants**. | **Civil No.** 16-1333 (FAB) |

**MEMORANDUM AND ORDER**

BESOSA, District Judge.

Before the Court is plaintiff Parker Waichman LLP ("Parker")'s motion for reconsideration pursuant to Federal Rule of Civil Procedure 59(e). (Docket No. 150.) Parker requests that the Court reconsider its Opinion and Order granting the dismissal of Parker's claim for specific performance. See Docket No. 142. Parker also seeks reconsideration of this Court's Order denying Parker's motion to compel. See Docket No. 147. Defendants John F. Nevares and Associates, P.S.C. ("Nevares"), Salas LC ("Salas"), and Eric J. Quetglas-Jordan d/b/a Quetglas Law Firm ("Quetglas") (collectively, "defendants") opposed Parker's request, Docket No. 162, and Parker replied. See Docket No. 167. For the reasons set forth below, the motion for reconsideration is **DENIED**.

I.  BACKGROUND

On July 13, 2017, the Court entered an Opinion and Order denying defendants' motion to dismiss pursuant to Federal Rule of

Civil Procedure 12(b)(6) and granting the dismissal of Parker's claim for specific performance.  (Docket No. 142.)  The Court also denied Parker's motion to compel, see Docket No. 138, and limited any future motions to compel to Parker's *quantum meruit* claim. (Docket No. 147.)

Now, Parker requests that the Court reconsider these decisions.  (Docket No. 150.)  Namely, Parker objects to the Court's dismissal of Parker's specific performance claim and denial of Parker's motion to compel.  Id.  With respect to the dismissal of Parker's specific performance claim, Docket No. 142, Parker argues that:  (1) "Each counsel to the [Confidential Operating Agreement for Plaintiff Attorney Group in Caribbean Petroleum Oil and Fire Litigation] [hereinafter, "Agreement"] was responsible for informing its own clients that fees were being shared and [that] Plaintiff fulfilled its ethical obligations in this regard.  Nevares did not.  Plaintiff should not be punished for Nevares' failure to do so;" (2) "Plaintiff was retained by 149 clients in the [Caribbean Petroleum Corporation] [hereinafter, "CAPECO"] litigation and is now barred from receiving fees derived from the claims of these clients;" (3) "Nevares shared the fees derived from the CAPECO settlement with Defendants Salas, an unadmitted attorney, and Quetglas without informing their clients— an action that is, practically speaking, permitted by the Opinion

and Order;" (4) "Nevares took Plaintiff's financial resources to pursue the CAPECO litigation, used those resources as if they were his own, then intentionally and in derogation of the terms of that Agreement, 'boxed out' Plaintiff from further participation in the CAPECO litigation;" and (5) "Contrary to the Opinion and Order, the [Agreement] was confidential solely as to third parties but not as to the CAPECO clients themselves."  (Docket No. 150 at p. 5-6.)

Parker also asserts that the Court erred in its denial of Parker's motion to compel, Docket No. 147, because the Court "barred Plaintiff, the law firm retained by 149 CAPECO claimants, from conducting discovery in a number of relevant areas."  (Docket No. 150 at p. 17.)

## II. LEGAL STANDARD

The Federal Rules of Civil Procedure "do not specifically provide for the filing of motions for reconsideration." Sanchez-Perez v. Sanchez-Gonzalez, 717 F. Supp. 2d 187, 193-94 (D.P.R. 2010) (Besosa, J.) (quoting Sanchez-Medina v. UNICCO Serv. Co., 265 F.R.D. 29, 32 (D.P.R. 2010)).  "[I]t is settled in this circuit[, however,] that a motion which ask[s] the court to modify its earlier disposition of [a] case because of an allegedly erroneous legal result is brought under Fed. R. Civ. P. 59(e)." Marie v. Allied Home Mortg. Corp., 402 F.3d 1, 7 (1st Cir. 2005)

(quoting In re Sun Pipe Line Co., 831 F.2d 22, 24 (1st Cir. 1987)); see also Cent. Produce El Jibarito v. Luna Commercial Corp., 880 F. Supp. 2d 282, 284 (D.P.R. 2012) (Besosa, J.) (quoting same).

Pursuant to Federal Rule of Civil Procedure 59(e), a district court will alter its original order only if it "evidenced a manifest error of law, if there is newly discovered evidence, or in certain other narrow situations." Biltcliffe v. CitiMortgage, Inc., 772 F.3d 925, 930 (1st Cir. 2014) (quoting Global Naps, Inc. v. Verizon New England, Inc., 489 F.3d 13, 25 (1st Cir. 2007)). A motion for reconsideration does "not provide a vehicle for a party to undo its own procedural failures [or] allow a party [to] advance arguments that could and should have been presented to the district court prior to judgment." Iverson v. City of Bos., 452 F.3d 94, 104 (1st Cir. 2006) (citing Aybar v. Crispin-Reyes, 118 F.3d 10, 16 (1st Cir. 1997)). "Rule 59(e) does not exist to allow parties a second chance to prevail on the merits . . . [and] is not an avenue for litigants to reassert arguments and theories that were previously rejected by the Court." In re Rosado, Bankr. No. 09-01687, 2013 WL 1309412, at *1 (Bankr. D.P.R. Mar. 28, 2013) (citing Harley-Davidson Motor Co. v. Bank of New England-Old Colony, N.A., 897 F.2d 611, 616 (1st Cir. 1990)).

In deciding a motion for reconsideration, the reviewing court has considerable discretion. Venegas-Hernandez v. Sonolux

Records, 370 F.3d 183, 190 (1st Cir. 2004).  "As a general rule, motions for reconsideration should only be exceptionally granted." Villanueva-Mendez v. Nieves Vazquez, 360 F. Supp. 2d 320, 323 (D.P.R. 2005) (Dominguez, J.).  "Rule 59(e) relief is granted sparingly . . . ."  Biltcliffe, 772 F.3d at 930.

## III. DISCUSSION

The motion for reconsideration is unavailing because Parker neither demonstrates a manifest error of law, nor presents newly discovered evidence.  See Biltcliffe, 772 F.3d at 930.  Parker submits that "critical passages from the depositions of Defendants and Plaintiff," Docket No. 150, Exs. 2-4, 7, and the "Parker Declaration," Docket No. 150, Ex. 1, "were unavailable as a matter of law" and "should be considered 'newly discovered' for the purposes of this application."  (Docket No. 150 at p. 2.)  The depositions, however, were all taken in May 2017, see Docket No. 150, Exs. 2-4, 7, before Parker submitted his opposition to defendants' motion to dismiss on June 1, 2017.  See Docket No. 131. Parker fails to explain why these depositions were allegedly "unavailable" and why the Court should consider the depositions as "newly discovered."  See Docket No. 150 at p. 2.  Moreover, the Parker Declaration is a six-page statement made by the plaintiff. See Docket No. 150, Ex. 1.  Although the declaration was filed on August 4, 2017 as an attachment to Parker's motion for

reconsideration, this evidence has been available since the case's inception and could have been raised during Parker's own deposition. Parker provides no reason as to why this information was "unavailable" earlier.

All new arguments set forth in Parker's motion for reconsideration are based on formerly available evidence and thus could and should have been presented to the Court prior to its opinion. See Iverson, 452 F.3d at 104. Parker can no longer raise these arguments. See id. Additionally, all arguments that were previously submitted to the Court in Parker's earlier motions cannot be reconsidered. See Harley-Davidson Motor Co., 897 F.2d at 616. Having already addressed Parker's arguments in its decisions, see Docket Nos. 142 & 147, the Court **AFFIRMS** its dismissal of Parker's specific performance claim and denial of Parker's motion to compel.

## CONCLUSION

For the reasons stated, Parker's motion for reconsideration is **DENIED**.

**IT IS SO ORDERED.**

San Juan, Puerto Rico, October 12, 2017.

s/ Francisco A. Besosa
FRANCISCO A. BESOSA
UNITED STATES DISTRICT JUDGE